**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY HARRIS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 09-0622 (GK) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Reconsideration. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiff's Motion for Reconsideration is **denied** and Plaintiff's Request for Leave to Amend the Complaint is **granted**.

**I. BACKGROUND**

This lawsuit arises from Plaintiff's arrest at the Community Development Institute ("CDI") Head Start School on April 7, 2008. See Harris v. District of Columbia, 696 F.Supp.2d 123, 126-27 (D.D.C. 2010). At the time, Plaintiff was on duty as a duly-commissioned Special Police Officer for the District of Columbia, and was in possession of a firearm which he believed he was authorized to carry. Id. Plaintiff was nevertheless arrested and charged with "Carrying a Pistol Without a License [Outside Home or Place of Business], in violation of 22 D.C. Code § 4504(a) (2001 ed.)." Id. The United States Attorney's Office subsequently dropped the charge on June 16, 2008. Id.

Unbeknownst to this Court, Robert Ord, Plaintiff's employer, filed a lawsuit against the District of Columbia on April 24, 2008. Pl.'s Mot. for Recons. ¶ 30, at 5. Ord alleged deprivation of a liberty interest under 42 U.S.C. § 1983 and common law claims of malicious prosecution and intentional infliction of emotional distress, all arising from the same April 7, 2008 incident. See Ord v. District of Columbia, 573 F.Supp.2d 88, 91 (D.D.C. 2008). Judge John D. Bates dismissed Ord's suit on August 29, 2008 for lack of Article III standing. Id. at 95-96. On December 4, 2009, the Court of Appeals for the District of Columbia reversed the dismissal of Ord's case, concluding that Ord had "standing to bring his preenforcement claim." Ord v. District of Columbia, 587 F.3d 1136, 1143 (D.C. Cir. 2009).

On April 3, 2009, Plaintiff filed his own suit against the District of Columbia based on the April 7, 2008 incident. Plaintiff filed his lawsuit approximately eleven months after Ord filed his suit and approximately seven months after Judge Bates dismissed Ord's claims. Plaintiff's Complaint contained seven counts: deprivation of liberty under the Fourth Amendment, when Plaintiff was arrested without probable cause during a warrantless search (Count I); deprivation of a property interest, under the Fifth Amendment, when his property was seized and never returned (Count II); malicious prosecution of the Plaintiff initiated by Sgt. Moye (Count III); deprivation of a property interest when he was denied

the right to work as a Special Police Officer (Count IV); deprivation of a liberty interest, under the Eighth Amendment (Count V), excessive force employed during the search (Count VI); and intentional infliction of emotional distress (Count VII). Harris, 696 F.Supp.2d at 127.

When filing this suit, Plaintiff's counsel filled out the required Civil Cover Sheet [Dkt. No. 1-1]. As it appears on the docket, this Civil Cover Sheet contains in the section asking the filer to designate Related Cases a crossed-out "X" in the box for "Yes" and a clearly legible and circled "X" in the box marked "No." The docket does not contain the "related case form," which must be filled out when the "Yes" box is marked. Plaintiff now contends that counsel properly marked "Yes" in the Related Case Section when submitting the Civil Cover Sheet to the Clerk and that counsel filled out the necessary related case form. Pl.'s Mot. for Recons. ¶ 37, at 6. According to Plaintiff, "the related case designation was crossed out by an unknown person" and "the related case form was apparently never entered into the docket." Id. ¶ 38, at 6.

Since the docket contained no record of the related case form and the Civil Cover Sheet appeared to be marked "No" rather than "Yes" in the Related Case section, this case proceeded separately from Ord. Indeed, at no point until Plaintiff filed the present Motion for Reconsideration did Plaintiff move to consolidate the cases or provide notice in any way to the Court that Ord's case may

have been related. This Court dismissed all seven counts of Plaintiff's Complaint on March 22, 2010. Harris, 696 F.Supp.2d at 138. Eight days later, on March 30, 2010, the District of Columbia produced documents in Ord, which was then on remand from the Court of Appeals. Pl.'s Mot. for Recons. ¶ 46, at 8.

Subsequently, on April 16, 2010, Plaintiff filed this Motion for Reconsideration of the March 22, 2010 dismissal [Dkt. No. 33]. On May 7, 2010, Defendant filed its Opposition [Dkt. No. 35]. On May 18, 2010, Plaintiff filed his Reply [Dkt. No. 36].

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). A motion for reconsideration is not "a vehicle for presenting theories or arguments that could have been advanced earlier." Jones v. Bernanke, 538 F.Supp.2d 53, 60 (D.D.C. 2008) (citing Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)); see also Harrison v. Federal Bureau of Prisons, 681 F.Supp.2d 76, 84 (D.D.C. 2010). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v.

Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted).

**III. ANALYSIS**

Plaintiff states that he "does not assert that there is any 'newly discovered evidence' herein." Pl.'s Reply 5. Rather, Plaintiff argues that this "Court has made distinct errors of law and violated its own Local Rules of procedure" and that "[j]ustice requires that this Court bring its rulings into harmony with another case properly designated as 'related' which has already reached review by the D.C. Circuit." Pl.'s Mot. for Recons. 8-9. Specifically, Plaintiff argues (1) that his common law claims should not have been dismissed for failure to provide notice under D.C. Code § 12-309 because designation of Ord as a related case provided the requisite notice and (2) that the findings in Ord require reversal of this Court's order of dismissal.

### A. Plaintiff's Motion for Reconsideration of Common Law Claims Is Dismissed

Plaintiff's common law claims (Counts III and VII) were previously dismissed for failure to comply with D.C. Code § 12-309's mandatory notice requirement for maintaining such claims against the District of Columbia. Harris, 696 F.Supp.2d at 130. In particular, Plaintiff did not adequately demonstrate that he gave "sufficient information to Defendant to comply with § 12-309." Id. at 131.

Plaintiff now argues that by virtue of the error by the Clerk's Office in crossing out Plaintiff's designation of his case as related to Ord, the Court has violated Local Rule 40.5, which provides that related cases be heard by the same judge. Pl.'s Mot. for Recons. 9. Plaintiff contends that, had the cases been properly assigned as related, Defendant would have had the requisite notice pursuant to § 12-309. Id. at 9-11.

Fortunately, it is not necessary to affix responsibility for the crossing out of "Yes" and marking of "No" (and the alleged disposal of the related case form) on the Civil Case Form. The law in this Circuit is clear: a motion for reconsideration is not a device for arguing theories that could have been advanced at an earlier stage. Jones, 538 F.Supp.2d at 60 (citing Kattan, 995 F.2d at 276). Plaintiff was clearly aware of Ord, which was filed approximately eleven months prior to Harris, and at no time made any motion to consolidate the cases or any other effort to inform the Court of a supposed mistake by the Clerk's Office, such as in his opposition to Defendant's Motion to Dismiss.[1] Therefore, Plaintiff's Motion for Reconsideration as to Counts III and IV is **denied**.

---

[1] Plaintiff's silence is particularly curious in light of the fact that his lawyer is the same lawyer representing Mr. Ord. The Court also notes that the factual representations Plaintiff's counsel makes in his Motion for Reconsideration were not made under oath, subject to the penalty of perjury.

**B. Plaintiff's Motion for Reconsideration of § 1983 Claims Is Denied**

Plaintiff's remaining claims (Counts I, II, IV, V, and VI) were dismissed, among other reasons, for failure "to allege an unconstitutional custom, practice, or policy, which is required to establish a claim against a municipality." Harris, 696 F.Supp.2d at 128. Plaintiff argues that this conclusion is "in conflict with the Circuit Court's findings regarding the same factual issues."[2] Pl.'s Mot. for Recons. 11. Plaintiff argues that this Court's March 22, 2010 Decision conflicts with the D.C. Circuit's "finding" that "the April 7, 2008 raid . . . was part of a larger scheme by District of Columbia officials 'to drive [Ord's] company from the District of Columbia.'" Id. (quoting Ord, 587 F.3d at 1141).

Plaintiff's argument fails for two reasons. First, as Plaintiff appears to recognize in his Motion, the Circuit Court made no "controlling findings" as to any scheme by the District of Columbia in Ord. Mot. for Recons. 8. Rather, the Circuit Court accepted "'as true all material allegations of the complaint'" for the purposes of reviewing the District Court's grant of a 12(b)(1) motion. Ord, 587 F.3d at 1140 (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). Whatever Ord may have pled in his lawsuit is

---

[2] To the extent that the Plaintiff generally takes issue with the factual and legal conclusions of this Court's March 22, 2010 Decision, he does not state "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences, 199 F.3d at 511 (internal citation omitted).

irrelevant to Harris' failure to plead an unconstitutional custom, practice, or policy in this lawsuit. Most assuredly, the Court of Appeals made no factual findings and reached no legal conclusions regarding the existence of an unconstitutional custom, practice, or policy.

Second, Ord is entirely inapposite. Ord concerned whether the plaintiff sufficiently pled Article III standing to move forward with a preenforcement challenge. Ord 587 F.3d at 1140. In this case, Plaintiff failed to allege the existence of an unconstitutional custom, practice, or policy under § 1983. Obviously, those are two very different issues. In sum, the holding in Ord simply has no bearing on whether or not Harris made sufficient allegations to survive a motion to dismiss under Monell v. Dep't of Soc. Servs. 436 U.S. 658, 691 (1978). Therefore, Plaintiff's Motion for Reconsideration as to Counts I, II, V, VI, and VII is **denied.**

**C. Plaintiff's Request for Leave to Amend the Complaint Is Granted**

Plaintiff also requests, albeit in a footnote, leave to amend his Complaint. Pl.'s Mot. for Recons. 13 n. 9. Under Rule 15(a)(2), leave to amend shall be freely given when justice so requires. Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083-85 (D.C. Cir. 1998). Although Plaintiff disavows asserting any "newly discovered evidence," he refers to documents produced in Ord. Pl.'s Reply 5; Pl.'s Mot. for Recons. ¶ 46, at 8.

Plaintiff argues that these documents call into question the facts he alleged in his Complaint, but now, "based upon this one set of documents, Harris can demonstrate both Monell liability and fully satisfy his statutory notice requirements." Pl.'s Mot. for Recons. 14. In light of the surfacing of these documents, Plaintiff's request for leave to amend the Complaint is **granted.**

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **denied** and Plaintiff's Request for Leave to Amend the Complaint is **granted.** An order shall issue with this Memorandum Opinion.

December 21, 2010

/s/
Gladys Kessler
U.S. District Judge

**Copies to**: **attorneys on record via ECF**